N THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CARLA WILLIAMS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | Hon. Judge: |
| KEMPER CORPORATION | ) | |
| | ) | Jury Trial Demanded |
| Defendant. | ) | |

## COMPLAINT

**Introduction**

1.     The plaintiff sues Kemper Corporation  for sexual discrimination, racial discrimination,

color and age discrimination under Section 42 US Code Section 1981 Equal rights under the law,

U.S. Const. amend. XIV, Section 2 and under the Illinois Gender Violence Act, 740 ILCS 82/5.

Violation of Illinois Wrongful Termination Laws, Violation of Public Policy and Retaliation.

**Jurisdiction and Venue**

2.     This Court has jurisdiction under Section 1331 and 1343 of the Judicial Code 28 U.S.C.

Section 1313 and 1343 and has supplemental jurisdiction under Section 1367 of the Judicial

Code 28 U.S.C. Section 1367. Plaintiff is domiciled in the Southern District of Illinois and

Defendant is headquarter in the State of Illinois.

3.     Acts and omissions occurred in the State of  Illinois and  Southern District of Illinois,

venue is proper by Section 1391 (b) of the Judicial Code [28 U.S.C. section 1391 (b)]. Defendant

is a resident of the State of Illinois and is headquartered in the State of Illinois.

**Facts**

4.      Plaintiff is an African American Female over the age of forty.

5.      Plaintiff was a project manager with Defendant and had exemplary evaluations.

6.      Plaintiff was required to train herself despite numerous attempts to convince superiors to do so.

7.      Plaintiff's White and Male counter parts were trained by the Company. When Plaintiff complained to human resources about the illegal practices efforts against Plaintiff were accelerated.

8.      Plaintiff was told by supervisor Miguel Edwards (Edwards) that everyone in the department was awarded $1,000.00 for training except Plaintiff because Plaintiff did not need anymore eduction.

9.      Plaintiff was excluded from all meetings and training that pertained to Plaintiff's job thereafter.

10.     Plaintiff sought a transfer within the Corporation but was prohibited from such by Edwards.

11.     Similarly situated male, non-Black employees were allowed to transfer and attend corresponding meetings.

12.     Plaintiff complained to Miguel Edwards and he refused to discuss the issues with Plaintiff.

13.     Plaintiff contacted human resources and was rebuffed by Defendant.

14.     Plaintiff was terminated in August of 2019 with the expectation and hope she would be reassigned and remain with the Defendant Corporation.

16.     In January of 2020 Plaintiffs separation was crystalized and Plaintiff understood she was likely permanently separated from Defendants employment.

17.     Plaintiff made attempts for reinstatement thereafter to no avail.

18.     Plaintiff has suffered financial damages as a result of the Defendants illegal actions.

19.     Male, non-Black, employees under the age of forty were not subject to said illegal treatment as the termination.

20.     Plaintiff suffered emotional distress as a result of Defendants illegal actions.

21.     Plaintiff at all times pertinent was an employee within the definition of all federal and state laws.

22.     Plaintiff is a member of the protected class the State, and Federal laws seek to protect from illegal discrimination including but not limited to Section 1981, The Equal Protection Clause of the U. S. Const. amend. XIV, Section 2. The Illinois and U.S. Constitution.

**Count I Retaliation**

23.     Plaintiff incorporates paragraphs 1-22 as fully inserted herein.

24.     Defendant through its actions and/or omissions discriminated against the Plaintiff based upon her participation and in a protected activity and opposition to discrimination.

25.     Defendants actions were adverse and severe against Plaintiff.

**Damages**

26.     As a proximate result of this discrimination, the Plaintiff suffered damages including but not limited to, loss wages, loss employment benefits, pain and suffering, loss of self-esteem, loss of enjoyment of life, and emotional distress.

27.     Defendant discriminated against the Plaintiff with malice or reckless indifference to the Plaintiffs federally protected rights.

28.     To deter future malice or reckless indifference to the federally protected rights of employees by the Defendant and other employers and to punish the Defendant for their malice or reckless indifference to the Plaintiffs' federally protected rights, exemplary damages are appropriate.

Wherefore, the Plaintiff prays that the Court:

**I.** Order the Defendant to post appropriate notices regarding their legal duties to refrain from discriminating against employees based upon sex, age, race, color and retaliation;

**II.** Court enjoin Defendant from continuing to discriminate against employees because of sex, age, race, color and retaliation;

**III.** Defendant  reinstate Plaintiff to her position or comparable position, or alternatively, pay for such position for a reasonable time thereafter;

**IV.** Court order Defendant  pay prejudgment interest at the prevailing rate on the award of back pay, loss employment benefits and other compensation loss to the Plaintiff because of the Defendants discrimination against her based upon her sex, age, race, color and retaliation;

**V.** Order the Defendant  to compensate the Plaintiff for damages which she suffered resulting from the Defendants discriminating against her because of her sex, race, age, color and retaliation including, but not limited to, humiliation, embarrassment, insult, loss of enjoyment of life, worthlessness, loss of self-esteem and emotional distress;

**VI.** Order Defendant to pay punitive damages;

**VII.** Order the Defendant to pay attorney's fees, expert witness fees, expenses and costs of the lawsuit and of any prior administrative action and,

**VIII.** Order the Defendant to pay or provide other relief as this Court deems just and appropriate.

**Count II Sexual Discrimination**

29.     Plaintiff incorporates paragraphs 1-28 as if fully asserted herein.

30.     Defendant through its agent and by its action and/or omissions  discriminated against the Plaintiff based upon her sex and condition of her employment.

**Damages**

31.     As a proximate result of this discrimination, the Plaintiff suffered damages including but not limited to, loss wages, loss employment benefits, pain and suffering, loss of self-esteem, loss of enjoyment of life, and emotional distress.

32.     Defendant discriminated against the Plaintiff with malice or reckless indifference to the Plaintiffs federally protected rights.

33.     To deter future malice or reckless indifference to the federally protected rights of employees by the Defendant  and other employers and to punish the Defendant  for their malice or reckless indifference to the Plaintiffs' federally protected rights, exemplary damages are appropriate.

Wherefore, the Plaintiff prays that the Court:

**I.**  Order the Defendant to post appropriate notices regarding their legal duties to refrain from discriminating against employees based upon sex;

**II.**  Court enjoin Defendant from continuing to discriminate against employees because of sex;

**III.**  Defendant reinstate Plaintiff to her position or comparable position, or alternatively, pay for such position for a reasonable time thereafter;

**IV.** Court order Defendant  pay prejudgment interest at the prevailing rate on the award of back pay, loss employment benefits and other compensation loss to the Plaintiff because of the Defendants discrimination against her based upon her sex;

**V.** Order the Defendant to compensate the Plaintiff for damages which she suffered resulting from the Defendant  discriminating against her because of her sex, including, but not limited to, humiliation, embarrassment, insult, loss of enjoyment of life, worthlessness, loss of self-esteem and emotional distress;

**VI.** Order Defendant to pay punitive damages;

**VII.** Order the Defendant to pay attorney's fees, expert witness fees, expenses and costs of the lawsuit and of any prior administrative action and,

**VIII.** Order the Defendant to pay or provide other relief as this Court deems just and appropriate.

**Count III Termination**

34.     The Plaintiff incorporates paragraphs 1-33 by reference as if fully stated herein.

35.     Defendant through its agents and by the actions and/or omission terminated the Plaintiff

on or about January 2020 based upon her sex, race, age and in retaliation to her protesting

Defendants illegal practices relating to the terms and conditions of her employment and in

violation of  the .

**Damages**

36.     As a proximate result of this discrimination, the Plaintiff suffered damages including but

not limited to, loss wages, loss employment benefits, pain and suffering, loss of self-esteem, loss

of enjoyment of life, and emotional distress.

37.     Defendant discriminated against the Plaintiff with malice or reckless indifference to the

Plaintiffs federally protected rights.

38.     To deter future malice or reckless indifference to the federally protected rights of

employees by the Defendant for their malice or reckless indifference to the Plaintiffs' federally

protected rights, exemplary damages are appropriate.

Wherefore, the Plaintiff prays that the Court:

**I.** Order the Defendant to post appropriate notices regarding their legal duties to refrain from discriminating against employees based upon sex, color, age and race;

**II.** Court enjoin Defendant from continuing to discriminate against employees because of sex, color, age, and race;

**III.** Defendant reinstate Plaintiff to her position or comparable position, or alternatively, pay for such position for a reasonable time thereafter;

**IV.** Court order Defendant pay prejudgment interest at the prevailing rate on the award of back pay, loss employment benefits and other compensation loss to the Plaintiff because of the Defendants discrimination against her based upon her sex;

**V.** Order the Defendant to compensate the Plaintiff for damages which she suffered resulting from the Defendant discriminating against her because of her sex, including, but not limited to, humiliation, embarrassment, insult, loss of enjoyment of life, worthlessness, loss of self-esteem and emotional distress;

**VI.** Order Defendant to pay punitive damages;

**VII.** Order the Defendant to pay attorney's fees, expert witness fees, expenses and costs of the lawsuit and of any prior administrative action and,

**VIII.** Order the Defendant to pay or provide other relief as this Court deems just and appropriate.

## Count IV Color Discrimination

39.     Plaintiff states and re-states paragraphs 1-38 as if fully inserted here.

40.     The Defendant through its agent and by its action and/or omissions discriminated against the Plaintiff based upon her color and condition of her employment.

## Damages

41.     As a proximate result of this discrimination, the Plaintiff suffered damages including but not limited to, loss wages, loss employment benefits, pain and suffering, loss of self-esteem, loss of enjoyment of life, and emotional distress.

42.     Defendant discriminated against the Plaintiff with malice or reckless indifference to the Plaintiffs federally protected rights.

43.     To deter future malice or reckless indifference to the federally protected rights of employees by the Defendant  and other employers and to punish the Defendant for their malice or reckless indifference to the Plaintiffs' federally protected rights, exemplary damages are appropriate.

Wherefore, the Plaintiff prays that the Court:

**I.**  Order the Defendant  to post appropriate notices regarding their legal duties to refrain from discriminating against employees based upon sex, color, age, race and retaliation;

**II.**  Court enjoin Defendant  from continuing to discriminate against employees because of sex, color, age, and retaliation;

**III.**  Defendant reinstate Plaintiff to her position or comparable position, or alternatively, pay for such position for a reasonable time thereafter;

**IV.** Court order Defendant  pay prejudgment interest at the prevailing rate on the award of back pay, loss employment benefits and other compensation loss to the Plaintiff because of the Defendants discrimination against her based upon her sex, color, age, and retaliation;

**V.**  Order the Defendant  to compensate the Plaintiff for damages which she suffered resulting from the Defendant  discriminating against her because of her color, including, but not limited to, humiliation, embarrassment, insult, loss of enjoyment of life, worthlessness, loss of self-esteem and emotional distress;

**VI.** Order Defendant to pay punitive damages;

**VII.** Order the Defendant to pay attorney's fees, expert witness fees, expenses and costs of the lawsuit and of any prior administrative action and,

**VIII.** Order the Defendant to pay or provide other relief as this Court deems just and appropriate.

**Count V Race Discrimination**

44.     Plaintiff states and re-states paragraphs 1-43 as if fully inserted here.

45.     The Defendant through its agent and by its action and/or omissions  discriminated against the Plaintiff based upon her color and condition of her employment.

**Damages**

46.     As a proximate result of this discrimination, the Plaintiff suffered damages including but not limited to, loss wages, loss employment benefits, pain and suffering, loss of self-esteem, loss of enjoyment of life, and emotional distress.

47.     Defendant discriminated against the Plaintiff with malice or reckless indifference to the Plaintiffs federally protected rights.

48.     To deter future malice or reckless indifference to the federally protected rights of employees by the Defendant  and other employers and to punish the Defendant for their malice or reckless indifference to the Plaintiffs' federally protected rights, exemplary damages are appropriate.

Wherefore, the Plaintiff prays that the Court:

I.  Order the Defendant  to post appropriate notices regarding their legal duties to refrain from discriminating against employees based upon sex, color, age, race and retaliation;

II.  Court enjoin Defendant  from continuing to discriminate against employees because of sex, color, age, and retaliation;

III.  Defendant  reinstate Plaintiff to her position or comparable position, or alternatively, pay for such position for a reasonable time thereafter

IV.  Court order Defendant  pay prejudgment interest at the prevailing rate on the award of back pay, loss employment benefits and other compensation loss to the Plaintiff because of the Defendants discrimination against her based upon her sex, color, age, and retaliation;

V.  Order the Defendant  to compensate the Plaintiff for damages which she suffered resulting from the Defendant  discriminating against her because of her color, including, but not limited to, humiliation, embarrassment, insult, loss of enjoyment of life, worthlessness, loss of self-esteem and emotional distress;

**VI.** Order Defendant to pay punitive damages;

**VII.** Order the Defendant to pay attorney's fees, expert witness fees, expenses and costs of the lawsuit and of any prior administrative action and,

**VIII.** Order the Defendant to pay or provide other relief as this Court deems just and appropriate.

**COUNT VI Section 1981 claims against all defendants**

49.    The Plaintiff incorporates by reference the averments in 1-48 as if fully asserted herein.

50.    Defendant through its agents and by the actions and/or omission discriminated against Plaintiff based upon her race, color, and sex in the terms and conditions of her employment, violating Illinois Illegal Termination laws and or for participating in a complaint against Defendant.

51.    Defendant employees racially harassed Plaintiff.

52.    Defendant created a racially hostile environment that Plaintiff was subject to suffer from.

53.    Defendants retaliated against Plaintiff after Plaintiff contacted personnel regarding harassment and improper non-profit actions of Defendant employees.

54.    Defendants ultimately terminated Plaintiff after she complained about the harassment suffered.

**Damages**

55.    As a proximate result of this discrimination, the Plaintiff suffered damages including but not limited to, loss wages, loss employment benefits, pain and suffering, loss of self-esteem, loss of enjoyment of life, and emotional distress.

56.    Defendant discriminated against the Plaintiff with malice or reckless indifference to the Plaintiffs federally protected rights.

57.    To deter future malice or reckless indifference to the federally protected rights of employees by the Defendant and other employers and to punish the Defendant for their malice or reckless indifference to the Plaintiffs' federally protected rights, exemplary damages are appropriate.

Wherefore, the Plaintiff prays that the Court:

**I.**  Order the Defendant to post appropriate notices regarding their legal duties to refrain from discriminating against employees based upon sex, race, color and age;

**II.**  Court enjoin Defendant from continuing to discriminate against employees because of sex, age, color and race;

**III.**  Defendant reinstate Plaintiff to her position or comparable position, or alternatively, pay for such position for a reasonable time thereafter;

**IV.** Court order Defendant  pay prejudgment interest at the prevailing rate on the award of back pay, loss employment benefits and other compensation loss to the Plaintiff because of the Defendants discrimination against her based upon her sex, race, age and color;

**V.**  Order the Defendant to compensate the Plaintiff for damages which she suffered resulting from the Defendant discriminating against her because of her sex, age, race, and color, including, but not limited to, humiliation, embarrassment, insult, loss of enjoyment of life, worthlessness, loss of self-esteem and emotional distress;

**Count VII Violation of the 14th Amendment**

58.    Plaintiff states and re-states paragraphs 1-57 as if fully inserted here.

59.    The Defendant through its agent and by its action and/or omissions  discriminated against the Plaintiff based upon her color, sex, age and race and condition of her employment.

**Damages**

60.     As a proximate result of this discrimination, the Plaintiff suffered damages including but not limited to, loss wages, loss employment benefits, pain and suffering, loss of self-esteem, loss of enjoyment of life, and emotional distress.

61.     Defendant discriminated against the Plaintiff with malice or reckless indifference to the Plaintiffs federally protected rights.

62.     To deter future malice or reckless indifference to the federally protected rights of employees by the Defendant  and other employers and to punish the Defendant for their malice or reckless indifference to the Plaintiffs' federally protected rights, exemplary damages are appropriate.

Wherefore, the Plaintiff prays that the Court:

**I.**  Order the Defendant  to post appropriate notices regarding their legal duties to refrain from discriminating against employees based upon sex, color, age, race and retaliation;

**II.**  Court enjoin Defendant  from continuing to discriminate  against employees because of sex, color, age, and retaliation;

**III.**  Defendant  reinstate Plaintiff to her position or comparable position, or alternatively, pay for such position for a reasonable time thereafter;

**IV.** Court order Defendant  pay prejudgment interest at the prevailing rate on the award of back pay, loss employment benefits and other compensation loss to the Plaintiff because of the Defendants discrimination against her based upon her sex, color, age, and retaliation;

**V.**  Order the Defendant  to compensate the Plaintiff for damages which she suffered resulting from the Defendant  discriminating against her because of her color, including, but not limited to, humiliation, embarrassment, insult, loss of enjoyment of life, worthlessness, loss of self-esteem and emotional distress;

**VI.** Order Defendant to pay punitive damages;

**VII.** Order the Defendant to pay attorney's fees, expert witness fees, expenses and costs of the lawsuit and of any prior administrative action and,

**VIII.** Order the Defendant to pay or provide other relief as this Court deems just and appropriate.

Respectfully submitted,

FIELDS AND ASSOCIATES, LLC

By _/s/  Larry Fields_ _____

Larry S. Fields 58044
707 North Second Street
Suite 400
St. Louis, MO 63102
314-241-3535 Telephone
314-241-3536 Facsimile
LSF19@msn.com